Plaintiffs claimed under one Thomas, who conveyed to Aaron Baker, who died seized, leaving the feme his only child. The grant to Thomas bore date in December, 1770. The mesne conveyance to Baker, (177) his dying seized, and the heirship of the plaintiff, were proven.
The defendant claimed title under one McNatt, who conveyed to him. McNatt's patent bore date 18 April, 1771, and his conveyance to Bogan was proven.
The land granted to Thomas, and by him to Baker, was a large tract of 500 acres. The tract granted to McNatt, and by him to Bogan, was a tract of 200 acres, and it intersected the tract of 500 acres, so as to include the 54 acres which were the subject of this dispute. Bogan took possession of his tract of 200 acres, as one witness proved, in 1775, as another said, in 1773, and continued that possession down to the present day. Baker was proven to be in possession of his tract of 500 acres in 1778, soon after the Briar Creek defeat; and his possession has also been continued to the present time, except as to these 54 acres, which were cleared by Lanier, the first husband of the feme, and cultivated for two years; he then died, and the feme intermarrying with Wright, he cultivated it one year, in the fall of which year Bogan entered and took possession, whereupon this action was instituted. McNatt's entry in the land office was made in 1766, that of Thomas at a subsequent period. *Page 127 
This being the evidence, Mr. Moore, for the plaintiffs, was about to speak to the jury; but MACAY, J., called to Mr. Williams to begin. He insisted that their entry was prior; that McNatt had first purchased, and was in justice entitled to it. Secondly, that Bogan had possession ever since 1773, and that more than seven years having elapsed, during all which time Bogan was in possession, that the plaintiff had thereby lost her right of possession.
The question here is who has the best title to possess this 54 acres — as to which the rule is, that the first patent or grant gives the best title, not the first entry in the land office, unless the first patentee or grantee loses that title by suffering an adverse possession of seven years without entry, claim or action made by him within that time. Here the defendant hath been in possession ever since 1773, but the operation of the act of limitations hath been suspended by two several acts of the Legislature, from 1773 to 1 June, 1784, that is to say, by the act of 1777, ch. 2, sec. 54, and the act of 1783, ch. 4, sec. 9; and this action was commenced after 1 June, 1784, and before seven years had elapsed from that period; so that there is no bar formed under that statute by the possession which the defendant had. Besides, the rule of law (178) is that where two persons are in possession, claiming by different titles, the law will adjudge the legal possession in him who hath the right. In the present case both plaintiff and defendant were in possession of the 54 acres in dispute, from 1778, when Baker is proved to have been in the occupation of his 500-acre tract; and therefore from that period, he claiming under the patent first dated, the law will adjudge the possession of this tract of 54 acres to have been in him; and then from 1773, when Bogan first took possession of his 200-acre tract, to 1778, there were but five intervening years — Bogan's possession of the 54-acres was then defeated by Baker's entry into his 500-acre tract — for either of these reasons possession will not avail the defendant in the present case, and then the title must rest upon the priority of the patents. Wherefore plaintiffs ought to recover.
Verdict and judgment for the plaintiffs accordingly.
Cited: Tyrrell v. Mooney, 5 N.C. 402. *Page 128